## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **FRESENIUS KABI USA, LLC,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**STATE OF NEBRASKA, et al.,**<br><br>    **Defendants.** | **Case No. 4:18-CV-03109**<br><br>**Evidence Objections:**<br>**By Defendants to Plaintiff's**<br>**Evidence Index for Preliminary**<br>**Injunction and Temporary**<br>**Restraining Order** |

The Defendants object to the evidence offered by the Plaintiff in the Plaintiff's Index of Evidence (Filing 9, Filing 10) as follows:

1.     **Objections to Exhibit D (letter to Governor Ricketts by Plaintiff's CEO, Filing 9 at 14-15):**

- First paragraph of letter Filing 9 at 14, all words included: "any acquisition by a state . . . illegal and proper." Objected to as legal conclusions and opinions without sufficient showing of competence, lack of foundation, insufficient qualified legal expertise, or lack of personal knowledge. Fed. R. Evid. 602, 701-703.

- Second paragraph of letter Filing 9 at 15, entire paragraph words, "At issue is European Union . . . EU can be expected . . . if these drugs are used in executions or distribution controls for drugs like these are inadequate." Objected to as opinions and conclusions without sufficient showing of competence, foundation, or personal knowledge; speculation; irrelevant. Fed. R. Evid. 402 (irrelevant), 602, 701-703.

- Last sentence on next to final paragraph of letter Filing 9 at 15, entire sentence words, "Now, it seems the state may have improperly or illegally diverted medicines for use in executions, against our policies and contracts." Objected to as opinions and conclusions without sufficient showing of competence, foundation, or personal knowledge; speculation; irrelevant; and no showing of any contract with the State of Nebraska. Fed. R. Evid. 402 (irrelevant), 602, 701-703.

2.    **Objections to Declaration of Scott Meacham (Plaintiff's Pharmaceuticals President, Filing 9 at 16-21):**

- Filing 9 at 19-20, ¶¶ 10-12 and 15 in their entirety, which describe the drugs Diprivan and propofol and also speculates on EU implementing regulations concerning Diprivan, neither of which drugs are to be used in Nebraska's lethal injection protocol for Carey Dean Moore. Objected to as irrelevant. Fed. R. Evid. 402 (irrelevant evidence is not admissible).

- Filing 9 at 20, ¶¶ 18-19 in their entirety, which describe hearsay communications between "one of our Authorized Distributors" and a State pharmacist in 2015 concerning potassium chloride delivered to the State that was purportedly used "to treat patients". Objected to as hearsay and irrelevant. Fed. R. Evid. 802 (hearsay is not admissible) and 402 (irrelevant evidence is inadmissible). [1]

---

[1] The Plaintiff's own evidence shows why this evidence is irrelevant hearsay. Exhibit A attached to the Declaration of the Plaintiff's CEO, Filing 9 at 8, shows that the

3.      **Objections to Declaration of Jack Silhavy (Plaintiff's North American General Counsel, Filing 9 at 80 to 82):**

- Filing 9 at 9, ¶ 6, and Filing 9 at 83-84 (Exhibit A attachment): Objected to as irrelevant.  Fed. R. Evid. 402 (irrelevant evidence is not admissible).  The "distribution agreement" Exhibit A that is purportedly representative of "all of our distributor agreements relative to Restricted Products" defines "Restricted Products" as: "For purposes of this Supplement, 'Restricted Products' shall be Diprivan and Propofol Products in any form."  See, Filing 9 at 83, ¶ 2.  Since the drugs Diprivan and propofol are not any of the drugs to be used in Nebraska's lethal injection protocol for Carey Dean Moore, the distribution agreement and references to it are irrelevant.

---

potassium chloride alleged to be at issue in the current case was placed in the State's inventory of drugs on "10/12/17", which was two years after the potassium chloride that was the subject of the 2015 hearsay conversation by an unknown Plaintiff's Distributor.  The unknown Plaintiff's Distributor has provided no sworn evidence concerning the alleged conversation. *See also*, Declaration of Plaintiff's CEO, Filing 9 at 5, ¶¶3-4, describing only the 10/12/17 potassium chloride shown on the CEO incorporated Exhibit A as being the subject of the Plaintiff's suit for injunctive relief and replevin.

Alternatively, if the 2015 hearsay conversation is received for some purpose other than the truth of the matter stated, there is potential relevancy benefitting the Defendants by the Plaintiff showing the 2015 drug inventory was long ago used by prison health officials to treat inmate patients.  Even worse for the Plaintiff, the Plaintiff's evidence shows, by a DEA inventory dated "8/8/17", that the State prison had "no controlled substances on hand."  *See* Filing 9 at 45. Confiscating by replevin or by injunction the State's entire *current* inventory supply of potassium chloride, in the face of the Plaintiff presenting evidence that the type of drug has been used to treat inmates in the past, raises the potential that this Court would harm and deprive an entire captive population of a drug that has been used therapeutically to treat inmates.

3

- Filing 9 at 81, ¶8, which speculates and concludes that the Defendants "could not have properly acquired the drugs". Objected to as a conclusion or opinion without sufficient foundation, irrelevant, and vagueness as to what is meant by "properly acquired". Fed. R. Evid. 402 (irrelevant), 602, 701-703.

- Filing 9 at 81, ¶7 and Filing 9 at 85 to 86 (Exhibit B to Silhavy Declaration), which in conjunction show a freestanding "Schedule of Restricted Products" **dated 6.22.2018** that includes the drugs Potassium Chloride and Cistracurium Besylate. Objected to as irrelevant and no showing that the purported schedule is anything other than some schedule dated after the Defendants acquired the drugs to be used in the Carey Dean Moore execution. Fed. R. Evid. 402 (irrelevant), 602.[2]

- Filing 9 at 81, ¶9, which speculates and concludes that, "Fresneius has not, upon careful examination of all relevant materials found any evidence of a breach of a distribution agreement . . ." Objected to as (1) a conclusion or opinion without sufficient foundation, (2) hearsay by attempting to attributed what "careful examination" or whatever were

---

[2] The significance of the Plaintiff's apparent attempt to retroactively restrict the subsequent use of two drugs previously acquired by the Department prior to June 22, 2018, and then sue for a restraining order and temporary injunction, cannot be understated. Alternatively, if the Court concludes that this evidence is relevant to making it more probable that the Plaintiff's claims have no merit, the Defendants have no objection and would agree that **the Court could receive this evidence for such a relevant purpose since the evidence impeaches the Plaintiff's entire case**.

"relevant materials" by the Plaintiff corporation as an entire entity without stating that the declaration himself conducted any such examination, and (3) irrelevant since the distribution agreement Exhibit A, incorporated by reference, concerns only the irrelevant drug "Restricted Products" of "Diprivan and Propofol Products in any form." *See* Filing 9 at 83, ¶ 2.  Fed. R. Evid. 402 (irrelevant), 602, 701-703, and 802 (hearsay).

4. **Objections to Declaration of Joachim Weith (Governmental affairs official for a "parent company" of the Plaintiff corporation, Filing 10 at 5-21):**

- Entire Declaration and attachments are objected to as speculation, conclusions and opinions without adequate foundation and competence concerning prospective actions by a group of foreign nations, and irrelevant as related to the specific drugs to be used for the execution of Carey Dean Moore, and hearsay. Fed. R. Evid. 402 (irrelevant), 602, 701-703, and 802.

5. **Objections to Declaration of Nathan Clark (One of Plaintiff's attorney, Filing 10 at 22-34)**

- Entire Declaration and attachments are objected to as hearsay, conclusions without sufficient foundation or competence, irrelevant as related to the specific drugs to be used for the execution of Carey Dean Moore,

and lack of foundation. Fed. R. Evid. 402 (irrelevant), 602, 701-703, and 802.

Respectfully submitted August 9, 2018.

**STATE OF NEBRASKA; THE NEBRASKA DE-PARTMENT OF CORRECTIONAL SERVICES; and SCOTT FRAKES, in his official capacity as Director of the Nebraska Department of Correctional Services, Defendants.**

By:   DOUGLAS J. PETERSON
      Attorney General of Nebraska

      *s/ Ryan S. Post*
      RYAN S. POST, NE #24714
      DANIELLE L. JONES, NE #25505
      Assistant Attorneys General

      JAMES D. SMITH, NE #15476
      Solicitor General

      DAVID A. LOPEZ, NE #24947
      Deputy Solicitor General

      OFFICE OF THE ATTORNEY GENERAL
      2115 State Capitol
      Lincoln, Nebraska 68509
      (402) 471-2682
      Ryan.Post@nebraska.gov
      Dave.Lopez@nebraska.gov
      James.Smith@nebraska.gov
      Danielle.Jones@nebraska.gov
      Attorneys for Defendants.

## CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2018, I electronically filed the foregoing document with the Clerk of the United States District Court for the District of Nebraska, using the CM/ECF system, causing notice of such filing to be served upon all parties' counsel of record.

By:    *s/ Ryan S. Post*